# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| BILLY DRAIN, ) | |
| ) | |
| Movant, ) | |
| ) | Case No. 23-cv-02354-JPM-tmp |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

### ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255

Before the Court is Movant Billy Drain's ("Movant's" or "Drain's") Pro Se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (ECF No. 1.) Drain alleges defects in his sentence due to ineffective assistance of counsel. (See id. at PageID 4.) Specifically, Drain alleges his attorney did not present to the Court information about his use of drugs at the time of the offense and he did not understand the proceedings for his guilty plea and sentencing. (See id.) Respondent United States of America (the "Government") requests the Court deny Drain's Motion in its entirety. (ECF No. 9 at PageID 44.)

For the reasons below, Drain's Motion is **DENIED**.

## I. BACKGROUND

### A. Underlying Criminal Case

On December 17, 2020, a Grand Jury in the Western District of Tennessee indicted Drain on one count of carjacking, in violation of 18 U.S.C. § 2119(1), and one count of use of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). (ECF No. 6 at PageID 11–13, 2:20-cr-20158-JPM (W.D. Tenn.) [hereinafter 20-20158].) On June 9, 2021, pursuant to a

written plea agreement, Drain pled guilty to both counts. (See ECF No. 46, 20-20158 (Minute Entry); ECF No. 48, 20-20158.) Under the plea agreement, Drain waived "the right to challenge any conviction or sentence imposed or the manner in which the sentence was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255." (ECF No. 48 ¶ 5, 20-20158.) This waiver excluded "claims relating to prosecutorial misconduct and ineffective assistance of counsel." (Id.)

On August 26, 2021, a Motion to Withdraw as Attorney was filed by Drain's counsel, Genna Lutz ("Attorney Lutz"). (ECF No. 53, 20-20158.) On September 7, 2021, that Motion was withdrawn in open court. (ECF No. 56, 20-20158 (Minute Entry).) That same day, Drain raised the issue of a competency evaluation. (See id.)

On October 1, 2021, Drain moved for a psychiatric examination pursuant to 18 U.S.C. § 4241. (ECF No. 58, 20-20158.) The Court granted Drain's Motion on November 17, 2021. (ECF No. 65, 20-20158.) A forensic evaluation was completed by Federal Correctional Institutition (FCI) Butner Low on March 28, 2022. (ECF No. 9 at PageID 27; see ECF No. 9-1 at PageID 47.) The Court received the results in a letter dated April 1, 2022. (See ECF No. 9 at PageID 27; ECF No. 9-1 at PageID 46.) On July 15, 2022, the Court sentenced Drain to 155 months incarceration, followed by three years supervised release. (ECF No. 78, 20-20158.) No appeal followed. (See ECF No. 1 at PageID 1.)

B.   **Procedural History**

On June 6, 2023, the instant Motion was timely received by and filed with the Court. (ECF No. 1-2.)[1] On June 7, 2023, the Court ordered the Government to respond. (ECF No. 3.) The Government filed two motions for extension of time to answer. (ECF Nos. 5, 7.) The Court

---

[1] Petitioner signed the Motion on May 26, 2023. (ECF No. 1 at PageID 12.)

granted both for good cause. (ECF Nos. 6, 8.) On September 9, 2023, the Government filed its Response in Opposition. (ECF No. 9.)

## II. LEGAL STANDARD

A petition under § 2255 "permits district courts to vacate, set aside, or correct sentences in federal cases." Pough v. United States, 442 F.3d 959, 964 (6th Cir. 2006). "A prisoner seeking relief under § 2255 'must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" Id. (quoting Mallett v. United States, 334 F.3d 491, 496–97 (6th Cir. 2003)). No evidentiary hearing is required if the record contradicts the prisoner's allegations or otherwise conclusively shows the prisoner is not entitled to relief. See Valentine v. United States, 488 F.3d 325, 333 (6th Cir. 2007); Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999).

A prisoner, however, may waive his right to bring a post-conviction challenge under § 2255. See Portis v. United States, 33 F.4th 331, 334 (6th Cir. 2022). This waiver must be done knowingly and voluntarily. Id. "Plea agreements are contractual in nature" and "are to be enforced according to their terms." United States v. Moncivais, 492 F.3d 652, 662 (6th Cir. 2007).

## III. ANALYSIS

### A. Waiver of a Collateral Attack

The Court "begin[s] and end[s] with the plea agreement." See Portis, 33 F.4th at 334. Drain explicitly "waive[d] and [gave] up the right to challenge any conviction or sentence imposed or the manner in which the sentence was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255." (ECF No. 48 ¶ 5, 20-20158.) Thus, with

only some exceptions, (id.), Drain waived his right to challenge his conviction under the instant Motion. See Portis, 33 F.4th at 334.

The Court first examines whether Drain's waiver was knowing and voluntary. See id. The Court then examines if Drain brings the instant Motion pursuant to any of the exceptions in his plea agreement. (See ECF No. 48 ¶ 5, 20-20158.)

      i. <u>Knowing and Voluntary Waiver</u>

The Court examines if Drain knowingly and voluntarily waived his right to collaterally attack his conviction. See Portis, 33 F.4th at 334. To do so, the Court examines the record to see whether Drain was threatened into pleading guilty, was represented by counsel, indicated he understood the plea agreement, and indicated he understood he was waiving his right to collaterally attack his conviction.[2] See Watson v. United States, 165 F.3d 486, 489 (6th Cir. 1999).

The terms of the plea agreement indicate Drain understood his right to collaterally attack his conviction and the waiver thereof. (See ECF No. 48 ¶¶ 5–6, 20-20158.) The plea agreement concluded with the following paragraph:

> [Drain] agrees that this Plea Agreement constitutes the entire agreement between himself and the [Government] and that no threats have been made to induce him to plead guilty. By signing this document, [Drain] acknowledges that he has read this agreement, has discussed it with his attorney and understands it. [Drain] acknowledges that he is satisfied with his attorney's representation.

(Id. ¶ 6.)

At the Change of Plea hearing, the Court further evaluated Drain's understanding of the plea agreement. (See ECF No. 80 at PageID 318–20, 20-20158.) Drain confirmed that the agreement was correctly presented to the Court and that no one had threatened or made him any promises to induce him to plead guilty under the agreement. (See id.) Drain also expressly

---

[2] This is a non-exhaustive list.

confirmed that he understood he was waiving his right to challenge the conviction or sentence by means of a collateral attack. (Id. at PageID 326.)

Because Drain indicated he understood his right to challenge his conviction, fully read and understood the plea agreement, and was not threatened to plead guilty, he knowingly and voluntarily executed the waiver. See Watson, 165 F.3d at 489; see also United States v. Pullum, No. 3:11-CR-143-H, 2014 WL 3740588, at *4 (W.D. Ky. July 30, 2014) (finding knowing and voluntary waiver of movant's right to bring a § 2255 challenge where the plea agreement stated movant "read this [a]greement and carefully reviewed every part of it with [his] attorney" such that he "fully underst[oo]d it and . . . voluntarily agree[d] to it").

### ii. Exceptions Under the Plea Agreement

Given Drain's enforceable waiver of his § 2255 right, see supra Section III.A, the Court now examines whether Drain's Motion falls under any of the express exceptions thereto. The sole ground on which Drain brings his Motion is ineffective assistance of counsel. See ECF No. 1 at PageID 4.) This is an exception to his waiver. (See ECF No. 48 ¶ 5, 20-20158.) Thus, Drain may bring the instant Motion.

### B.     Ineffective Assistance of Counsel

Drain asserts two reasons for his claim of ineffective assistance of counsel. (ECF No. 1 at PageID 4.) First, he asserts that Attorney Lutz did not advocate that he was on drugs at the time of the offense and thus "incapacitated [or] incompetent." (Id.) Second, he asserts he did not understand the proceedings at all. (Id.)

To prove that Attorney Lutz's assistance deprived him of his Sixth Amendment right to counsel, Drain must show both that Attorney Lutz's "performance was deficient" and "the deficient performance prejudiced the defense." See Strickland v. Washington, 466 U.S. 668, 687

(1984). In reviewing Attorney Lutz's performance, the Court "must apply a strong presumption that [it] was within the wide range of reasonable professional assistance." See Harrington v. Richter, 562 U.S. 86, 104 (2011) (internal quotation marks and citations omitted). Drain must prove Attorney Lutz "made errors so serious" that she did not provide Drain the counsel guaranteed by the Sixth Amendment. Id.

Contrary to Defendant's assertion, Attorney Lutz did present his drug use at the time of the offense and its potential impact on his capacity to the Court on multiple occasions. Attorney Lutz prepared and submitted on Drain's behalf a position paper to the Presentence Investigation Report. (ECF No. 54, 20-20158.) The position paper detailed Drain's "severe drug and alcohol addiction issues for much of his adult and even adolescent life." (Id. at PageID 171.) The position paper explicitly stated, "It is evident that Mr. Drain committed the instant offense while under the influence of drugs, as he was using hard drugs," namely cocaine and methamphetamine, "during that time period." (Id.) Based on Drain's addiction history and contemporaneous methamphetamine use, Attorney Lutz argued the "Court must consider a downward variance from the advisory guideline calculations." (Id.) Attorney Lutz reiterated these arguments in more detail before the Court at the sentencing hearing. (See ECF No. 81 at PageID 367–70, 20-20158.) The Court acknowledged Drain's addiction information from its various sources[3] in its consideration at sentencing. (See id. at PageID 393–405.)

Additionally, the record does not support Defendant's assertion that he did not understand any of the proceedings, with or without Attorney Lutz's counsel. The Court may rely on its

---

[3] Drain's addiction history and contemporaneous methamphetamine use was noted in the Court-ordered presentencing psychiatric evaluation. (See ECF No. 9-1 at PageID 49–50, 57–58, 60.) This information was included in the Second Addendum to the Presentence Report. (See ECF No. 74 at PageID 285–86, 20-20158.) The Court also heard about Drain's drug use from Drain himself at the change of plea hearing, (ECF No. 80), and sentencing hearing, (ECF No. 81 at PageID 380, 20-20158.)

interactions with Drain and observations about Drain's understanding about the proceedings to determine his alleged incompetency under his § 2255 motion. See Mallett, 334 F.3d at 497–98. The Court-ordered psychiatric evaluation prior to sentencing determined that Drain was competent, or "able to understand the nature and consequences of the proceedings against him." (ECF No. 9-1 at PageID 63.) At the change of plea hearing, the Court confirmed Drain's understanding of the proceedings and his satisfaction with Attorney Lutz's counsel. (ECF No. 80 at PageID 306–13, 318–23, 20-20158.) At the sentencing hearing, the Court gave Drain the opportunity to address the Court directly, which Drain did. (ECF No. 81 at PageID 379–83, 20-20158.) Thus, Defendant was able to understand and participate in the proceedings against him.

The Court finds Attorney Lutz's performance was not deficient. See Strickland, 466 U.S. at 687. To prevail, Drain must overcome the strong presumption that Attorney Lutz "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." See id. at 690; see also United States v. Pierce, 62 F.3d 818, 833 (6th Cir. 1995) ("We presume from the outset that a lawyer is competent, and therefore, the burden rests on the accused to demonstrate a constitutional violation." (citation omitted)). He cannot do so. Attorney Lutz repeatedly reminded the Court about Drain's substance use history and likely impact on the offense and advocated for a consequent downward variance. (See ECF No. 54 at PageID 171, 20-20158; ECF No. 81 at PageID 367–70, 20-20158.) Drain also told the Court that Attorney Lutz had explained matters and answered his questions to his satisfaction. (See, e.g., ECF No. 80 at PageID 312, 20-20158). Even if she had not, the Court confirmed at multiple points throughout the proceedings that Drain understood the substance and consequences of such. (See ECF No. 80 at PageID 306–13, 318–23, 20-20158.) Thus, Drain cannot now come to the Court and claim he did not understand the proceedings. Moreover, Drain represented to the Court that he was satisfied

with Attorney Lutz's counsel. (See ECF No. 80 at PageID 312 (saying Attorney Lutz was "[d]oing a really good job"), 20-20158.) Thus, the Court finds that Attorney Lutz rendered Drain the assistance of counsel guaranteed by the Sixth Amendment.

Drain must prove both prongs of the Strickland standard. See 466 U.S. at 687. Drain fails to show that Attorney Lutz's performance was deficient under the first prong. See id. Accordingly, the Court need not turn to the second prong that "the deficient performance prejudiced the defense." See id. However, the Court notes Drain nonetheless fails to make this second required showing. The Court acknowledged and considered Drain's addiction history and potential contemporaneous methamphetamine use when sentencing him for the offense. (See ECF No. 81 at PageID 393–405, 20-20158.) The Court also confirmed Drain's understanding of the proceedings at multiple points. (See ECF No. 80 at PageID 306–13, 318–23, 20-20158.) Thus, the alleged deficiencies would not have prejudiced Drain's defense. See Strickland, 466 U.S. at 687.

Because Drain cannot meet the stringent standard under Strickland, his claim of ineffective assistance of counsel fails. See id.

**IV.   CONCLUSION**

For the reasons set forth above, Drain's Motion Under 28 U.S.C. § 2255 is **DENIED**.

**IT IS SO ORDERED** this 15th day of April, 2025.

        */s/ Jon P. McCalla*
        JON P. McCALLA
        UNITED STATES DISTRICT JUDGE