IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| BILLY DRAIN, ) | |
| ) | |
| Movant, ) | |
| ) | Case No. 23-cv-02354-JPM-tmp |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER DENYING CERTIFICATE OF APPEALABILITY AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

On April 15, 2025, the Court entered on Order denying Movant Billy Drain's ("Movant's" or "Drain's") Pro Se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, (ECF No. 1). (ECF No. 11.) The Court enters this Order to resolve certain appellate issues regarding Drain's Motion.

Pursuant to 28 U.S.C. § 2253(a), the Court must evaluate the appealability of its decision denying a § 2255 motion and issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Fed. R. App. P. 22(b). The COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2)–(3). No § 2255 movant may appeal without this COA.

The COA must indicate the specific issue or issues that make the required substantial showing. Id. A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotation marks

omitted). The COA need not show that the appeal will succeed. Id. at 337; Caldwell v. Lewis, 414 F. App'x 809, 814–15 (6th Cir. 2011). A § 2255 "claim does not merit a [COA] unless every independent reason to deny the claim is reasonably debatable." Moody v. United States, 958 F.3d 485, 488 (6th Cir. 2020).

In the instant case, for the reasons stated in the Court's Order Denying the Motion Under § 2255, Drain does not demonstrate a basis for ineffective assistance of counsel. (See ECF No. 11 at PageID 75–78.) Thus, Drain cannot present a question about which reasonable jurists could debate. See Miller-El, 537 U.S. at 336. Accordingly, the Court **DENIES** a certificate of appealability.

The Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)–(b), does not apply to appeals of orders denying § 2255 motions. Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal *in forma pauperis* in a § 2255 case, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). Kincade, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the prisoner must file his motion to proceed in *forma pauperis* in the appellate court. See Fed. R. App. P. 24(a)(4)–(5).

Here, for the same reasons the Court denies a certificate of appealability, the Court also determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is **DENIED**. If Movant files a notice of appeal, he must either pay the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917 or file a motion to

proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit within thirty days. See Fed. R. App. P. 24(a)(4)–(5).

    **IT IS SO ORDERED** this 16th day of April, 2025.

                    */s/ Jon P. McCalla*
                      JON P. McCALLA
                      UNITED STATES DISTRICT JUDGE